IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STROUD, individually and as administrator of the ESTATE OF JAMES H. STROUD, deceased, | : : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : : | |
| ABINGTON MEMORIAL HOSPITAL, et al., | : : : | |
| Defendants. | : | NO. 06-4840 |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                  May 13, 2008

Presently before the Court for decision is Plaintiff's Memorandum in Support of his Request for Reinstatement of Corporate Negligence Claims against Defendant Abington Memorial Hospital. (Docs. 133-134.) It presents the limited question of whether Plaintiff Robert Stroud ("Plaintiff") has stated a "reasonable explanation or legitimate excuse" for his noncompliance with Pennsylvania's Certificate of Merit ("COM") requirement, set out in Pa. R. Civ. P. 1042.3.

**I.      Procedural Posture**

By Memorandum Opinion and Order dated April 17, 2008 (Doc. 132), the Court granted in part and denied in part a motion to dismiss portions of Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), brought by defendants Abington Memorial Hospital ("Hospital"), Joseph Cyril McAllister, M.D., Jeffrey L. Wanner, M.D., Abington Plaza Medical Associates, John W. Breckenridge, M.D., Frank R. Domeracki, M.D., and Radiology Group of Abington, P.C. (Doc. 69.) Among other things, the Court dismissed Plaintiff's corporate negligence

claim against Hospital for noncompliance with the COM requirement, but granted Plaintiff leave to seek reinstatement of that claim by the presentation of such further evidence sufficient to establish a reasonable explanation or legitimate excuse for his noncompliance. (Doc. 132.) The April 17, 2008 Opinion discusses in detail the reasons for dismissing Plaintiff's corporate negligence claim and the procedural and factual background supporting that decision; for sake of brevity, we will not repeat them here.

According to the terms of that Order, Plaintiff has now moved for reinstatement of the corporate negligence claim, and Hospital has filed a response in opposition. (Docs. 133-135.) The motion is now ripe for decision.

## II. The Parties' Contentions

Plaintiff argues that "[t]his is not a case of 'no compliance' with [the COM requirement]; rather Plaintiff substantially complied when he filed his initial [COM]." (Doc. 133-1 at 2.) He contends that, prior to filing the COM, his counsel had already received a "signed statement from a hospital administration expert" attesting to a reasonably-supported direct liability corporate negligence claim against Hospital. (*Id.* at 1-2.) However, "through inadvertence[, counsel] failed to check the boxes to indicate that both direct and vicarious claims were being asserted against [Hospital]." (*Id.* at 3.) Plaintiff alternatively argues that his filing of a new COM with his Amended Complaint, which attested to both vicarious liability and direct liability claims against Hospital, constituted timely compliance with the COM requirement. (*Id.* at 3-4.)

Hospital contends in opposition that Plaintiff "failed to establish a reasonable explanation or legitimate excuse for his non-compliance with the [COM] requirement[.]" (Doc. 135 at 1.) Hospital argues that "Plaintiff has consistently, and repeatedly, argued that he did not file a [COM]

as to his corporate negligence claim because, according to him, one was not required." (*Id.* at 2.) It argues that Plaintiff's mistaken, though good faith, position that his original COM fully complied with the requirement as to his corporate negligence claim does not constitute a reasonable explanation or legitimate excuse for noncompliance. (*Id.* at 2-5.) Hospital further contends that Plaintiff is judicially estopped to now change his position and assert that his failure to timely file a COM as to his corporate negligence claim was due to inadvertence of counsel and that in any event inadvertence of counsel is not a reasonable explanation or legitimate excuse for noncompliance. (*Id.* at 5-8.) Finally, Hospital argues that this Court already rejected Plaintiff's contention that the new COM he filed as to Hospital with his Amended Complaint constituted timely compliance with the COM requirement. (*Id.* at 8-10.)

### III.   Discussion

####    A.   Standard of "Reasonable Explanation or Legitimate Excuse"

In our April 17, 2008 Memorandum Opinion and Order, we analyzed in detail Pennsylvania's requirement that a COM be filed in any action involving professional negligence claims, and we found that Plaintiff failed to timely comply with that requirement. (Doc. 132 at 12-29.) We held that Plaintiff was noncompliant with the COM requirement, and we rejected any argument that he had substantially complied with the requirement. (*Id.*)

However, as the Pennsylvania Supreme Court held in *Womer v. Hilliker*, 908 A.2d 269, 279-80 (2006), the equitable considerations embodied in Pa. R. Civ. P. 3051 (petition to open judgment of *non pros*) afford a plaintiff who fails to timely comply with the COM requirement another opportunity to preserve his professional negligence claims. Those equitable considerations permit a court to excuse such noncompliance where the plaintiff can establish a "reasonable explanation or

3

legitimate excuse" for the noncompliance. *Id.* (*citing* Pa. R. Civ. P. 3051). The Court accordingly granted Plaintiff leave to seek reinstatement of his corporate negligence claim if he could establish a reasonable explanation or legitimate excuse for his noncompliance. (Doc. 132 at 28-29.)

As detailed in our earlier Opinion, the standard by which a court is to judge whether the plaintiff's proffered explanation or excuse for noncompliance with the COM requirement rises to the level of "reasonable explanation or legitimate excuse" remains somewhat unsettled following *Womer*. (Doc. 132 at 21-24.) It is clear, however, that reasonable explanation or legitimate excuse sets a "high bar" for Plaintiff to meet. *Walsh v. Consolidated Design & Eng'g, Inc.*, Civ. A. No. 05-2001, 2007 WL 2844829, *8 (E.D. Pa. Sept. 28, 2007). Indeed, such reinstatement "is a matter of grace and not of right." *Womer*, 908 A.2d at 279. Having analyzed relevant authority in light of *Womer*, we previously concluded:

> [I]t appears to us that a reasonable explanation or legitimate excuse for noncompliance must establish that the noncompliance was due to some intervening event that could not have been reasonably expected. We are not prepared to say that such event need rise to the extreme level of a death in the family as was the case in *Almes* [*v. Burket*, 881 A.2d 861 (Pa. Super. 2005)], and it may be that counsel's failure to check all applicable boxes on a timely-filed COM even though counsel had the necessary supporting written statement by an appropriate licensed professional in hand at the time the COM was filed is sufficient. However, it is clear that the reasonable explanation or legitimate excuse must be more than a misunderstanding of the law governing the applicability of the COM requirement and its deadlines or a belief that no COM is required as to the claims presented.

(Doc. 132 at 23 (*citing Womer*, 908 A.2d at 279-80; *Yee v. Roberts*, 878 A.2d 906, 909-11 (Pa. Super. 2005); *Ditch v. Waynesboro Hosp.*, 917 A.2d 317, 326-28 (Pa. Super. 2007)).) We apply that standard in analyzing Plaintiff's request for reinstatement of his corporate negligence claim.

### B.      Plaintiff's Proffered "Reasonable Explanation or Legitimate Excuse"

Initially, we note that Plaintiff appears to continue to argue that the COM he filed as to Hospital substantially complied with the COM requirement, rather than attempting to offer an explanation or excuse for his noncompliance. (Doc. 133-1 at 2.) We rejected that argument in our initial Opinion, and in that Plaintiff has offered no reason for the Court to revisit that holding, we will not do so now. Similarly, for all of the reasons set forth in our earlier Opinion, we also reject Plaintiff's renewed argument that his filing of a new COM with his Amended Complaint cured any defect in his original COM or otherwise constituted compliance with the COM requirement. (Doc. 132 at 27-28.)

Construing Plaintiff's request as also seeking reinstatement of his corporate negligence claim against Hospital based on the inadvertence of counsel in failing to check all applicable boxes on the COM filed as to Hospital, despite having in hand a signed statement by an expert in hospital administration attesting to a reasonably supported direct liability corporate negligence theory, we find that this does not rise to the level of a "reasonable explanation or legitimate excuse" for Plaintiff's noncompliance.

Plaintiff has offered no reason or explanation for counsel's inadvertence. Hospital, on the other hand, has persuasively argued that counsel's inadvertence in failing to timely file a correct COM was due to the "mistaken (but honest) belief" that a COM attesting to a reasonably support direct liability claim was not required. (Doc. 135 at 4.) Hospital's explanation is moreover supported by Plaintiff's own prior arguments, which we feel compelled to construe as admissions. As Hospital points out, Plaintiff has previously argued: that the initial COM, indicating only a vicarious liability theory, was "sufficient to cover [his] corporate negligence claims" (Doc. 12 at 10);

that the vicarious liability COM was sufficient because Hospital is "a corporation, and it can *only* act through its officers, directors, agents and other personnel" (Doc. 12 at 10 (emphasis in original)); and that "since the Hospital is a corporate entity and cannot act other than through its employees, officers, directors, agents and other personnel, it necessarily is always vicariously liable for negligence of others occurring within the hospital, even where the claim is based on the Hospital's failures to adopt and/or enforce appropriate policies and procedures[, *i.e.*, corporate negligence]." (Doc. 18 at 5.)

In light of Plaintiff's failure to offer his own explanation for counsel's inadvertence, and in that Hospital's explanation is based upon Plaintiff's own admissions, we therefore accept Hospital's explanation for Plaintiff's counsel's inadvertence.[1] Such inadvertence amounts to the mistaken, if good faith, belief that a COM attesting to a reasonably supported direct liability theory was not required as to Plaintiff's corporate negligence claim. As controlling Pennsylvania authority directs,

---

[1] Hospital also argued that Plaintiff should be judicially estopped from now asserting that his failure to timely file a proper COM as to his corporate negligence claim against Hospital was due to inadvertence of counsel, rather than the previously-argued belief that he had complied with the COM requirement by filing a COM indicating only a vicarious liability theory. (Doc. 135 at 5-6.) We decline to apply judicial estoppel here because we do not find that the prerequisites for application of that doctrine have been met. As the Third Circuit has explained: "judicial estoppel has three threshold requirements: first, the party in question must have adopted irreconcilably inconsistent positions; second, the party must have adopted these positions in 'bad faith'; and third, there must be a showing that judicial estoppel is tailored to address the harm and that no lesser sanction would be sufficient." *Chao v. Roy's Construction, Inc.*, 517 F.3d 180, 186 n.5 (3d Cir. 2008). Although Plaintiff's recent assertion of inadvertence is somewhat inconsistent with his prior arguments, there is no suggestion that Plaintiff has acted in any way in bad faith. Moreover, because we have disposed of Plaintiff's request for reinstatement of his corporate negligent claims on other grounds, there can be no showing that judicial estoppel is the least severe sanction that would be appropriate. "[J]udicial estoppel is an extreme remedy, to be used only when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court." *Id.* (quotations omitted). We are not persuaded that this is the situation here, and we therefore decline to apply the extreme remedy of judicial estoppel.

and as this Court previously concluded, "it is clear that the reasonable explanation or legitimate excuse must be more than a misunderstanding of the law governing the applicability of the COM requirement and its deadlines or a belief that no COM is required as to the claims presented." (Doc. 132 at 23 (*citing Womer*, 908 A.2d at 279-80; *Yee*, 878 A.2d at 909-11; *Ditch*, 917 A.2d at 326-28).) Accordingly, based on the arguments presented, we find that Plaintiff has failed to establish a "reasonable explanation or legitimate excuse" for his noncompliance with the COM requirement.

**IV.   Conclusion**

For the reasons set forth above and in this Court's April 17, 2008 Memorandum Opinion and Order, we hold that Plaintiff has failed to establish a "reasonable explanation or legitimate excuse" for his noncompliance with Pennsylvania's COM requirement.  Plaintiff's request for reinstatement of his corporate negligence claim against Hospital will therefore be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STROUD, individually and as administrator of the ESTATE OF JAMES H. STROUD, deceased, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| ABINGTON MEMORIAL HOSPITAL, et al., | : : : | |
| Defendants. | : | NO. 06-4840 |

### ORDER

AND NOW, this 13th day of May 2008, upon consideration of Plaintiff's Memorandum in Support of his Request for Reinstatement of Corporate Negligence Claims against Defendant Abington Memorial Hospital (Docs. 133-134) and Abington Memorial Hospital's response in opposition (Doc. 135), it is hereby **ORDERED** that Plaintiff's request for reinstatement of his corporate negligence claim is **DENIED**.

BY THE COURT:

/s/ David R. STrawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE