IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STROUD, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-4840 |
| | : | |
| ABINGTON MEMORIAL HOSPITAL, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                     August   8, 2008

As the parties are well aware, this is a medical malpractice action that arises out of the death of Plaintiff's decedent, James H. Stroud, on October 30, 2004. Mr. Stroud had been admitted to Abington Memorial Hospital ("Hospital") on October 25, 2004 for a total right knee replacement. During the course of this admission and a re-admission on October 29, 2004 he exhibited signs of certain complications and ultimately expired at the Hospital in the early morning hours of October 30, 2004.

Presently before the Court is Defendant Hospital's Motion for Partial Summary Judgment And/Or Motion to Dismiss (Doc. 148) and Plaintiff's opposition thereto (Doc. 150).[1] For the reasons set forth below, we will deny Hospital's motion.

**I.      Motion as to Claims Based on the First Admission**

Hospital seeks the entry of judgment in its favor as to any claims of negligence asserted against it concerning the actions or omissions of Hospital personnel during Mr. Stroud's admission

---

[1] A further discussion of the background and procedural history pertinent to Defendant's motion is set out in earlier memoranda and orders of this Court. (*E.g.,* Docs. 132, 137.)

of October 25 to October 28, 2004.  The basis for Hospital's motion is its contention that any such claims were not adequately pled until the amended complaint was filed after the expiration of the limitations period.  Hospital further contends that these untimely claims do not relate back to the timely-filed complaint, which it characterizes as concerning only Mr. Stroud's second admission of October 29 to October 30, 2004.  We disagree.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rule further provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d)(1).  In addition, "[p]leadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  As the Supreme Court has noted, "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The notice pleading must provide the opponent with fair notice of the claim and the grounds upon which that claim rests.  The federal rules leave for discovery and summary judgment motion practice the further refinement of disputed facts and the disposition of any unmeritorious claims.  *Id.*

Upon careful review of the papers, we conclude that Plaintiff's timely-filed complaint was sufficiently pled to encompass claims arising from either or both admissions.  We are guided in this analysis by the liberal pleading standards reflected in Fed. R. Civ. P. 8 and by our conclusion that the Hospital had fair notice of the potential scope of the claims implicated by Plaintiff's complaint.  We recognize that all parties (including the Court) have been less than precise when describing, in other contexts, the scope of the pleadings in this case.  We also recognize that many of the specific factual averments in the complaint detail the events of Plaintiff's second admission at the Hospital

(October 29-30, 2004), culminating in the decedent's death.  However, a significant share of the pertinent paragraphs of the complaint[2] can be fairly read to encompass claims that might arise from the care received (or not received) during the first admission.  Those paragraphs include the following:

> 9.    Defendant Abington Memorial Hospital, through its agents, servants, workmen, ostensible agents and/or employees, provided medical care to Plaintiff's Decedent, James H. Stroud ("Decedent").
>
> . . .
>
> 13.   On October 25, 2004, Decedent presented to Defendant Abington Memorial Hospital for a right total knee replacement operation, which was performed by Andrew Star, M.D.
>
> 14.   On October 28, 2004, Decedent was discharged from Defendant Abington Memorial Hospital to Brookside Healthcare and Rehabilitation Center ("Brookside").
>
> 15.   Decedent was admitted to Brookside on October 28, 2004 for inpatient rehabilitation and physical therapy following his right total knee replacement surgery.
>
> 16.   Following his admission to Brookside, on the morning of October 29, 2004, Decedent began to complain of abdominal pain and vomiting.
>
> 17.   A physician was called to see Decedent at Brookside, and documented that the patient had abdominal pain with a note to rule out an acute abdominal process.
>
> 18.   At or about 12:57 p.m. the Second Alarmers Rescue Squad was called and dispatched to Brookside to transport Decedent to Defendant Abington Memorial Hospital.
>
> . . .

---

[2] The Statement of Facts section of the complaint encompassed paragraphs 9 through 38. Count I, the negligence claim against Hospital, was contained in paragraphs 39 through 46.

39. Plaintiff hereby incorporates by reference all of the allegations set forth in Paragraphs 1 through 38 of this Complaint as if same were fully set forth herein at length.

40. On or about October 29, 2004, Decedent, James H. Stroud, was admitted to Defendant Abington Memorial Hospital for evaluation of vomiting and abdominal distension.

. . .

42. As a health care provider licensed to provide medical care in the Commonwealth of Pennsylvania, Defendant Abington Memorial Hospital, through its agents, servants, workmen, ostensible agents and/or employees, owed to Decedent, James H. Stroud, a duty to exercise due care and skill in the care and treatment of Decedent's condition.

43. Defendant Abington Memorial Hospital, through its agents, servants, workmen, ostensible agents and/or employees, was negligent in its treatment of the Decedent, and said negligence consisted of the following:
    a. Failing to properly diagnose Decedent's condition;
    b. Failing to properly treat Decedent's condition;
    c. Failing to insert a nasograstric tube;
    . . .
    m. Failing to monitor the Decedent;
    . . . .

44. As a direct and proximate result of the negligence of Defendant Abington Memorial Hospital, Decedent, James H. Stroud, was caused to suffer aspiration, loss of consciousness and death.

45. As a direct and proximate result of the negligence of Defendant Abington Memorial Hospital, Decedent, James H. Stroud, suffered great physical pain and mental anguish, all to his great detriment and loss.

46. As a direct and proximate result of the negligence of Defendant Abington Memorial Hospital, Decedent, James H. Stroud, incurred medical bills for the treatment of the conditions caused by the negligence of Defendant Abington Memorial Hospital.

Compl. (Doc. 1).

We conclude that it would be inappropriate to preclude Plaintiff, on limitations grounds, from proceeding with any vicarious liability negligence claim against the Hospital as set forth in Count I relating to the first admission.[3]

## II.     Motion as to Vicarious Liability Claims Based on Other Actors' Conduct

Hospital also seeks judgment in its favor as to any vicarious liability claims of negligence against the Hospital that Plaintiff might bring based on the actions of any Hospital personnel other than Defendant McAllister. Hospital takes the position that Plaintiff did not timely file any certificates of merit ("COM") to support such claims except as to Dr. McAllister and, therefore, that any vicarious liability claims for the acts of any nurse, physician (other than Dr. McAllister), or other personnel should be dismissed. After careful review of the Pennsylvania certificate of merit rule, however, we conclude that Plaintiff is in compliance.

Rule 1042.3 required Plaintiff's counsel to certify that, as to a claim against Defendant Hospital based on allegations that other licensed professionals for whom the Hospital is responsible were negligent, an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm to Mr. Stroud. *See* Pa. R. Civ. P. 1042.3(a)(1), (2). Plaintiff filed such a certificate on December 19, 2006 (dated December 13, 2006). (Doc. 7.) We do not believe more is required of Plaintiff.

---

[3] Plaintiff is, of course, limited by our prior ruling that his claim of negligence as to the Hospital must be based on a vicarious liability theory (a claim that Hospital agents, servants, workmen, ostensible agents and/or employees deviated from acceptable standards) as opposed to a corporate or direct negligence theory of relief.

The parties put forth differing interpretations of the Rule and its official "*Note*." We read the first sentence of the "*Note*" following Rule 1042.3(a)(2) to reiterate that a COM (the contents of which is described in subsection (a)(1)) is required as to a particular defendant even when the plaintiff is bringing a claim of vicarious liability as described in subsection (a)(2) against that defendant. We do not read it to require that a COM be filed as to a non-party. We observe that the *Note* clearly states that the expert statement underlying the COM "is not required to identify the specific licensed professionals who deviated from an acceptable standard of care." Pa. R. Civ. P. 1042(a)(2) *Note*. It would be incongruous for a plaintiff to be relieved of having his expert detail specific negligent individuals in his or her supporting written statement yet be required to simultaneously file separate COMs as to those individuals. While the Hospital directs our attention to the *Note* that accompanied a prior version of this rule as authority for its interpretation of the intention of the rule, we find it more persuasive that the Pennsylvania Supreme Court, by order entered on February 11, 2005, specifically re-wrote the *Note* to subsection (a)(2) — the only apparent change to this rule at that time. We believe that the Court's decision to delete a provision that explicitly stated that COMs "must be filed as to the other licensed professionals *whether or not they are named defendants in the action*" (emphasis added) must be given effect.

We conclude that where the conduct of other licensed professionals *who are not named as defendants in the action* is the basis for a claim of vicarious liability against a named defendant (for whom a COM is filed), no further COM is required. This interpretation is bolstered by the fact that the Form COM provided in Pa. R. Civ. P. 1042.8 contemplates the certificate naming a "Defendant" (in the blank line following the title "Certificate of Merit as to"). We also note that, in the case discussed by Plaintiff in his opposition, *Yee v. Roberts*, 878 A.2d 906 (Pa. Super. Ct. 2005), the

6

Superior Court reiterated that a timely-filed COM was necessary as to a claim of vicarious liability against a dental partnership but did not suggest that an additional COM would have been necessary as to the *non-party employee* (identified by her first name in the complaint) whose conduct was alleged to be negligent.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT STROUD, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 06-4840 |
| | : | |
| ABINGTON MEMORIAL HOSPITAL, et al., | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this   8th   day of August, 2008, upon consideration of the Motion for Partial Summary Judgment And/Or Motion to Dismiss filed by Abington Memorial Hospital (Doc. 148) and Plaintiff's opposition thereto (Doc. 150), and for the reasons provided in the accompanying memorandum, it is hereby **ORDERED** that said motion is **DENIED**.

BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE